IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Gonzalez,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 11-0502-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Carlos Gonzalez. Doc. 1. Following a jury trial in Maricopa County Superior Court in 2006, Petitioner was found guilty of second degree murder and aggravated assault, both "dangerous" offenses under Arizona law. Doc. 11, Exh. E, F. On May 5, 2006, the trial court entered judgments of conviction and sentenced Petitioner to 20 years in prison for the murder conviction and a consecutive term of 11.25 years for the aggravated assault conviction. Doc. 11, Exh. H. Petitioner was also sentenced the same day to 9.75 years in prison for three prior felonies he had committed. Id. Thus, the total sentence imposed was 41 years. Id.

On direct appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no arguable issues of law to present and asking the

Arizona Court of Appeals to review the record for fundamental error. Doc. 11, Exh. K. Petitioner then filed his own Supplemental Brief on May 24, 2007. Doc. 11, Exh. X. The Court of Appeals issued a Memorandum Decision on October 25, 2007, in which it denied Petitioner's claims and affirmed his convictions and sentences. Doc. 12, Exh. BB. After a motion for reconsideration was denied by the Court of Appeals, Petitioner filed a *pro se* Petition for Review to the Arizona Supreme Court on February 10, 2008 Doc. 12, Exh. EE, FF, II. The Court summarily denied the petition on May 12, 2008. Doc. 12, Exh. JJ. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Doc. 1 at 3.

On June 3, 2008, Petitioner filed a Notice of Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 12, Exh. LL. Through appointed counsel, he filed a Petition for Post-Conviction Relief on September 30, 2009, alleging ineffective assistance of trial and appellate counsel with respect to a question submitted by the jury regarding accomplice liability and transferred intent. Doc. 12, Exh. OO. After briefing was completed, the trial court summarily denied the petition for post-conviction relief on April 20, 2010. Doc. 12, Exh. XX. Petitioner did not seek review in the Arizona Court of Appeals or in the Arizona Supreme Court. Doc. 11 at 5. Petitioner also sought post-conviction relief in the other case for which he was sentenced on the same day as the instant case, but that request was dismissed and has no bearing on this matter. Doc. 12, Exh. RR

Petitioner filed his habeas petition in this court on March 14, 2010. Doc. 1. Petitioner alleges one ground for relief: that the trial court's answer to the jury's question about accomplice liability and transferred intent was incorrect as a matter of law thus calling into question the jury's verdict. Petitioner alleges that the erroneous answer allowed the jury to convict on a legal theory in contravention of the Due Process Clause and the Sixth Amendment right to effective assistance of counsel. On July 29, 2011, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus with attachments. Doc. 11, 12. Petitioner filed a Reply on August 8, 2011. Doc. 13.

**DISCUSSION**

Respondents contend in their limited answer to the petition that Petitioner's claim is procedurally defaulted because he failed to "fairly present" the claim in state court. Because the court agrees that Petitioner's claim was not properly raised in the state court, and that he would be unable to go back and raise it now, the court will recommend that the claim be denied as procedurally defaulted.

**A. Procedural Default**

**1. Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is

unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**2. Application**

Petitioner failed to present the claim he presents in this habeas action in his direct appeal in the state court. A review of his brief to the Arizona Court of Appeals and his petition for review to the Arizona Supreme Court shows no mention of the jury question issue and thus no claim that the trial court's answer to the question violated the Due Process Clause. Doc. 11, Exh. X, Doc. 12, Exh. II.

Regarding his petition for post-conviction relief in the state court, Petitioner also failed to allege a Due Process Clause violation based on the trial court's response to the jury question. Doc. 12, Exh. OO. Instead, Petitioner argued that his trial and appellate counsel

provided ineffective assistance with respect to the jury question issue. Doc. 12, Exh. OO at 6-10. He claimed that his trial counsel did not know the applicable law and thus did not object to the trial court's inaccurate statement of the law in response to the jury question. Id. He further contended that his appellate counsel was ineffective for failing to identify the jury question issue and raise it on direct appeal. Id. However, as Petitioner acknowledges in his reply, after the trial court denied his state petition for post-conviction relief, he did not seek review in the Arizona Court of Appeals. Doc. 13 at 6. Thus, even if this court construed Petitioner's habeas claim to also allege ineffective assistance of counsel, the claim would still not have been exhausted in light of his failure to seek appellate review of his petition for post-conviction relief.

Having failed to fairly present his claim in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, the claim is procedurally defaulted.

Although Petitioner addresses the procedural default issue in his reply, he fails to establish cause for the default and actual prejudice. He first contends that the Arizona Court of Appeals should have identified the jury question issue in its search for fundamental error on direct appeal. He fails to establish, however, how that excuses his failure to present the issue in the state courts.

Petitioner next contends in his reply that his post-conviction relief lawyer failed to file a petition for review in the Arizona Court of Appeals. He argues that his lawyer's ineffective assistance in failing to do so establishes cause for the procedural default. However, ineffective assistance of counsel can establish sufficient cause only when it rises to the level of an independent constitutional violation. Coleman, 501 U.S. at 755. Petitioner has not

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him. Additionally, because Petitioner failed to previously raise the claim, it would be precluded if he tried to go back and raise it now. See Ariz. R. Crim. P. 32.2.

raised ineffective assistance of his post-conviction relief counsel as a claim in his habeas petition, nor has he presented sufficient facts to establish that his counsel's actions rise to the level of an independent constitutional violation. Accordingly, Petitioner's claim of ineffective assistance of his post-conviction relief counsel does not establish cause for the procedural default. Nor has Petitioner demonstrated that failing to consider his claim on the merits would result in a miscarriage of justice.

**B.     Conclusion**

Having determined that Petitioner's claim for relief is procedurally defaulted, the court will recommend that the petition be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 26th day of October, 2011.

_____
Edward C. Voss
United States Magistrate Judge