**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Gonzales, | No. CV11-0502-PHX-DGC |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Following a jury trial in Maricopa County Superior Court in 2006, Petitioner Carlos Gonzales was found guilty of second degree murder and aggravated assault. Doc. 11, Exh. E, F. The trial court sentenced Mr. Gonzales to 20 years in prison for the murder conviction and a consecutive term of 11.25 years for the aggravated assault conviction. Doc. 11, Exh. H. The Court also sentenced Petitioner to 9.75 years in prison for three prior felonies. *Id.*

Mr. Gonzales filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that the trial court's answer to the jury's question about accomplice liability and transferred intent was incorrect as a matter of law, thus calling into question the jury's verdict on the murder charge. Doc. 1 at 6. Mr. Gonzales alleges that the erroneous answer allowed the jury to convict on a legal theory in contravention of the Due Process Clause and the Sixth Amendment right to effective assistance of counsel. *Id.* The Court referred the petition to United States Magistrate Judge Edward C. Voss for report and recommendation ("R&R"). Doc. 3. Judge Voss recommended that

the Court deny the petition because Mr. Gonzales failed to raise the jury question on direct appeal in state court and failed to present a constitutional or federal issue with respect to this claim when he raised it for the first time in his state court petition for post-conviction relief ("PCR"). Doc. 14 at 4. Even construing Mr. Gonzales' claim as presenting a constitutional issue, Judge Voss concluded that Mr. Gonzales failed to exhaust his claim in state court by seeking appellate review. *Id.* at 5. Because the time had passed for Mr. Gonzales to seek relief in state court, Judge Voss concluded that the claim was procedurally barred. *Id*.

Mr. Gonzales filed objections to the R&R. Doc. 15. For the reasons that follow, the Court will accept the R&R's conclusions and deny the petition.

**I.  Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**II.  Analysis.**

Mr. Gonzales objects to the statement in the background section of the R&R that he filed his habeas petition with this Court on March 14, 2010. Doc. 15 at 3. The Court finds that Mr. Gonzales filed his petition on March 16, 2011. Doc. 1. The Court will modify the background section to reflect the correct date. Mr. Gonzales does not object to any other facts in the background section, and the Court will accept the rest of the background facts as stated in the R&R.

Mr. Gonzales objects to the R&R's finding of procedural default for his failure to file a petition for post-conviction relief with the state Court of Appeals because, he argues, he alleged both cause and prejudice and a fundamental miscarriage of justice, and the procedural default should be excused. Doc. 15 at 2. Mr. Gonzales argues that he

properly presented his jury question claim – including the federal theory of the claim – in his initial petition for post-conviction relief, and that his sole failure to submit his petition for review by the state Court of Appeals was due not to any fault of his own, but to abandonment by his post-conviction counsel.  Doc. 15 at 4.  Mr. Gonzales argues that the failure of his post-conviction attorney to submit an appeal, thus procedurally defaulting his claim, caused him prejudice because the constitutional violation at issue infected his trial.  *Id.* at 2.  Mr. Gonzales also argues that a miscarriage of justice would result if his petition is denied because he is actually innocent.  *Id*.

Judge Voss addressed the question of whether Mr. Gonzales' procedural default should be waived due to ineffective assistance of post-conviction counsel and determined that Mr. Gonzales had not raised this argument in his habeas petition and had not presented sufficient facts to show that his post-conviction counsel's actions rose to the level of a constitutional violation.  Doc. 14 at 5 (citing *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (stating that ineffectiveness assistance of counsel does not show cause to excuse default when there is no constitutional right to counsel in state collateral review proceedings)).  Mr. Gonzales has presented no specific objections to the R&R's findings on this claim that require this Court to exercise de novo review.  *See Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (stating that no review at all is required for "any issue that is not the subject of an objection."); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (same).

Mr. Gonzales has, however, presented new factual evidence for his ineffective assistance of counsel claim, including that counsel "dropped off the radar" while remaining counsel of record up to the time of default (Doc. 15 at 3), which requires the Court to determine whether it will consider these new facts.  *See United States v. Howell*, 231 F. 3d 615, 622 (9th Cir. 2000) (emphasizing that "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion.").  The Court will reject Mr.

Gonzales' additional factual allegations as moot.  Absent a constitutional requirement that Mr. Gonzales be represented by counsel on collateral review, the Court agrees with the findings in the R&R that counsel's failure to file a timely post-conviction petition to the Arizona Court of Appeals does not constitute a constitutional violation as required for a waiver of procedural default under the Supreme Court's decision in *Coleman*.  Mr. Gonzales argues that "the Rules" precluded him from filing his own brief and that he was "powerless to remedy" counsel's failure, but Mr. Gonzales does not cite any specific rule. Doc 15 at 3, 4.  Nor has Mr. Gonzales raised the issue of cause for default in his federal habeas petition.  Additionally, Mr. Gonzales raises no specific objections to Judge Voss's finding that he failed to show that actual prejudice or a miscarriage of justice would result from a failure to consider his federal habeas claim on the merits.  *See* Doc. 14 at 6.  Mr. Gonzales merely cites to the arguments already made in his reply brief, and rejected by Judge Voss, that he would be prejudiced by procedural default because the trial court committed constitutional error and he was actually innocent.  *See* Docs. 15 at 4; 14 at 4-5. Mr. Gonzales' reference to arguments already presented is ineffective because it fails to make any specific objection to the findings of Judge Voss.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Sullivan v. Schriro*, No. CV-04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006).

Mr. Gonzales also argues that the Court should dismiss his petition without prejudice to allow him to return to state court based on new facts and his ineffective assistance of counsel claim.  Doc. 15 at 5.  Mr. Gonzales makes this argument in a separately titled "Motion for Voluntary Dismissal" made "pursuant to Federal Rule of Civil Procedure 41."  *Id.* at 7, Doc. 16.  Rule 41 allows the Court to dismiss an action upon plaintiff's request "on terms that the court determines proper."  Fed. R. Civ. P. 41(a)(2).  The Court finds that dismissal is not proper because this Court's adjudication of Mr. Gonzales' petition does not preclude him from seeking remedy on the basis of new facts and excusable default in state court under Arizona Rule of Criminal

Procedure 32.1 (e) & (f). *See* Ariz. R. Crim. P. 32.2(b) (noting that adjudication in a collateral proceeding does not preclude claims brought under Rule 32.1(d)-(h)).

**IT IS ORDERED:**

1. The date of Mr. Gonzales' petition to this Court as stated in the background section of the R&R is **modified** to read March 16, 2011.

2. Magistrate Judge Edward C. Voss's R&R (Doc. 14) is **accepted**.

3. Mr. Gonzales' petition for writ of habeas corpus (Doc. 1) is **denied** with prejudice.

4. Mr. Gonzales' motion for voluntary dismissal (Doc 16) is **denied**.

5. A certificate of appealability and leave to proceed *in forma pauperis* are **denied** because Mr. Gonzlaes has made no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

6. The Clerk of the Court is directed to **terminate** this action.

Dated this 13th day of December, 2011.

_____
David G. Campbell
United States District Judge